IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KOFI AYINDE REEVES,** : | CIVIL ACTION NO. 1:21-CV-1593 |
| : | |
| **Petitioner** : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **WARDEN OF DAUPHIN** : | |
| **COUNTY PRISON,** *et al.,* : | |
| : | |
| **Respondents** : | |

### MEMORANDUM

This is a habeas corpus case filed under 28 U.S.C. § 2241. We will dismiss the petition without prejudice because it does not raise any claims that are cognizable in a habeas corpus petition.

**I.     Background**

In his petition for writ of habeas corpus, petitioner Kofi Ayinde Reeves alleges that he was assaulted and denied medical care while he was incarcerated in the Dauphin County Prison; that he has been denied forms from the prison law library; that he has been unable to place calls to legal aid; that he has been denied legal visits and legal mail; that his legal materials have been confiscated; that he was wrongfully placed on suicide watch; that his clothes were taken away and a flashlight was shined on his penis; that he was denied meals; that he was not allowed to do laundry; that he was sexually assaulted; and that he was retaliated against by prison staff. Reeves also seeks to challenge "the amount of child support" that his wife receives and states that he "would like to file [his] taxes."

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Reeves is plainly not entitled to habeas corpus relief. The purpose of a petition for writ of habeas corpus is to challenge the legality or duration of a petitioner's detention. Hill v. McDonough, 547 U.S. 573, 579 (2006); Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). Challenges to the circumstances of a petitioner's confinement, on the other hand, are properly brought via civil rights complaints pursuant to 42 U.S.C. § 1983. Id.

Reeves's petition does not challenge the fact or length of his detention. The only relief he specifically seeks is a reduction of the child support that his wife receives and the ability to pay his taxes. We also liberally construe his petition as seeking damages for a variety of alleged civil rights violations. None of these claims are cognizable in habeas corpus. See Hill, 547 U.S. at 579; Leamer, 288 F.3d at 532.

## IV. Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus without prejudice. A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. Buck v. Davis, 580 U.S. __, 137 S. Ct.

759, 773 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER<br>
Christopher C. Conner<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated:    October 15, 2021